UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GHASSEN AIDIPOUR,** § | |
| § | |
| Petitioner, § | |
| VS. § | **CIVIL ACTION NO. 4:26-cv-0586** |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Petitioner Ghassen Aidipour, a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") in Houston, Texas, filed a petition for habeas corpus relief under 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Having considered Parties' briefing, the Court hereby **GRANTS** the Petition in part.

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal, during which time the noncitizen "shall" be detained. 8 U.S.C. § 1231(a)(1). This "removal period" begins when a removal order "becomes administratively final;" when a court, having stayed removal pending review, issues its final order; or when the noncitizen is released from non-immigration detention. *Id.* The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* The Government may also keep a noncitizen in prolonged custody if they present certain dangers to the community or are "unlikely to comply with [their] order of removal." 8 U.S.C. § 1231(a)(6). After six months of post-removal custody, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) at 690, 701. Under *Zadvydas v. Davis*,

1

if a noncitizen who has been detained for over six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In the event it cannot, the individual must be released. *See id.* at 700.

Petitioner is a citizen of Iran who entered the United States in 1978. ECF No. 1 at 5. He was ordered removed in 2010. *Id.* However, the Government was not able to obtain Iranian travel documents for Petitioner, and he was released on an Order of Supervision. *Id.* As relevant here, Petitioner was re-detained by ICE on July 14, 2025, at an immigration check-in and has now been in custody for more than seven months.[1] *Id.* at 6. Over two months *after* his re-detention, the Government once again initiated the process of obtaining travel documents for Petitioner. *See* ECF No. 8 – Ex. 1 at 8. In December of 2025, the Government learned that Iran would not issue the required travel documents. *Id.* In early January, the Houston Field Office of Enforcement and Removal Operations—a division of ICE—emailed the Removal and International Operations office to inquire as to whether another country might be willing to accept Petitioner. *Id.*

The fact that Petitioner may not be removed to his country of citizenship provides good reason to believe his removal is not reasonably foreseeable at this time. The Government has expressed its intent to remove Petitioner to a third country. However, the Government has not shown that any third country is willing to accept Petitioner, and it has thus failed to rebut Petitioner's evidence that his removal is not reasonably foreseeable. The Court therefore concludes that Petitioner's ongoing detention contravenes the INA and *Zadvydas* and hereby **GRANTS** the Petition in part.

---

[1] The Court acknowledges that Petitioner has a criminal history and has spent additional time in immigration detention following criminal offenses. ECF No. 8 at 2. However, this history does not bear on the legality of Petitioner's current detention.

Additionally, the Court finds that the Government re-detained Petitioner and revoked Petitioner's Order of Supervision without affording him the protection he was, and is, entitled to under applicable regulations. *See* 8 CFR § 241.13(i). The Government does not allege that any changed circumstances justified Petitioner's re-detention, and it did not pursue Petitioner's removal until he had spent over two months in custody. Revocation of release is lawful only where a noncitizen has violated the conditions of his release or where removal is reasonably foreseeable. 8 CFR § 241.13(i). Moreover, the Government did not provide Petitioner with notice of the reason for his re-detention or allow him the opportunity to respond to the basis for it, as required by the regulatory framework. *See id.* Petitioner's re-detention therefore violated his due process rights corresponding to 8 CFR § 241.13(i). *See, e.g., Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692 (S.D. Tex. Oct. 16, 2025); *Salgar v. Noem*, 4:25-cv-04797 (S.D. Tex. Nov. 14, 2025). For this reason, too, the Court **GRANTS** the Petition in part.

The Court **ORDERS** as follows.

1. Respondents shall release Petitioner from custody within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release.

2. Petitioner shall comply with the conditions of his previous Order of Supervision while released.

3. The Government shall update the Court on the status of Petitioner's release by Monday, March 2, 2026.

4. Consistent with applicable regulations, the Government shall not revoke Petitioner's Order of Supervision without providing Petitioner with notice of the reasons for the revocation and allowing Petitioner an opportunity to respond. 8 CFR § 241.13(i).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 27th day of February, 2026.

_____
Keith P. Ellison
United States District Judge